UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nouboukpo Gassesse,<br><br>      Plaintiff,<br><br>v.<br><br>University of Connecticut,<br><br>      Defendant. | Civil No. 3:23-cv-00661-VAB<br><br><br><br>December 6, 2024 |

**RECOMMENDED RULING RE: AMENDED COMPLAINT**

  Plaintiff Nouboukpo Gassesse, representing himself, alleges that Defendant University of Connecticut ("UCONN") deprived him of his First Amendment rights in violation of 42 U.S.C. § 1983 ("Section 1983"), defamed him, caused him emotional distress, and breached a contract. ECF Nos. 1, 16, 17. Plaintiff filed the Complaint in May 2023. ECF No. 1. At the same time, he submitted an affidavit detailing his finances and requested the Court's permission to proceed *in forma pauperis,* without prepaying the customary $402 filing fees. ECF Nos. 2, 11.

  When a plaintiff asks to proceed *in forma pauperis*, 28 U.S.C. § 1915 ("Section 1915") requires the Court to conduct two inquiries. First, the Court must examine the financial affidavit and determine whether the plaintiff is truly unable to pay the fees. 28 U.S.C. § 1915(a). Second, the Court must "screen" the complaint and determine whether it "meet[s] certain minimum legal requirements" set forth in Section 1915. *Jolley v. Second Jud. Cir. of U.S.*, No. 3:03-cv-1794 (DJS), 2004 WL 1171381, at *1 (D. Conn. May 25, 2004). If the complaint fails to meet those requirements, the Court must dismiss it. 28 U.S.C. § 1915(e)(2)(B).

1

The Court ultimately granted the Motion to Proceed *In Forma Pauperis* and recommended that the Complaint be dismissed with leave to amend. ECF No. 15. Plaintiff has now filed an Amended Complaint. ECF Nos. 16, 17. For the reasons that follow, the Court concludes that the Amended Complaint does not meet Section 1915's requirements and recommends that it be dismissed without leave to amend.

I. **Standard of Review**

The Court must dismiss a complaint brought *in forma pauperis* when it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it is filed in a court that "plainly lacks jurisdiction to consider" it, *see Fuentes v. Conway*, No. 3:09-MC-97 (WIG), 2009 WL 1043905, at *2 (D. Conn. Mar. 27, 2009) (citing *McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir.1996)), or "is based on an indisputably meritless legal theory," *see Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)). A complaint fails to state a claim on which relief may be granted when it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Courts "accept as true all of the allegations contained in [a] complaint [except] legal conclusions" when determining whether it is frivolous or fails to state a claim. *Id*. at 678. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). Courts "liberally construe pleadings . . . submitted by *pro se* litigants" by "reading [them] to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for*

*the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)). However, they "may not fill the gaps of a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Courts typically dismiss *pro se* complaints that do not satisfy this standard of review without prejudice, meaning that a plaintiff may amend the complaint to "flesh out all the required details" and address the court's concerns. *Jolley v. Second Jud. Cir. of U.S.*, 2004 WL 1171381, at *1 (internal citations omitted); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, that is not always the case. The U.S. Court of Appeals for the Second Circuit directs this Court to dismiss *pro se* complaints with prejudice, or without otherwise granting leave to amend, when the "[C]ourt can rule out any possibility, however unlikely it might be," that "an amendment will result in a claim being successfully pleaded." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d at 796.

**II.     Background**

The following allegations are taken from Plaintiff's pleadings and accepted as true for the purpose of this Court's review.

The Complaint alleges that Plaintiff and UCONN entered into an "agreement" that deprived Plaintiff of his "freedom of expression" and "freedom of speech" in violation of Section 1983; that UCONN breeched the terms of that agreement by "ignoring" Plaintiff's subsequent correspondence; and that UCONN did so to "cover[] up" evidence of "racial discrimination." ECF No. 1, at 3-4. Based on these allegations, the Court recommended dismissal of the Complaint for failing to state a claim. ECF No. 15. The Court underscored that, to state a Section 1983 claim against UCONN, Plaintiff must allege that UCONN is a "person" that was "acting under color of

state law" when it "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d. Cir. 2010). "Because UCONN is a state agency," however, "it is not considered to be a person subject to suit under [S]ection 1983." *Ramos v. Univ. of Connecticut Health Ctr.*, No. 3:17-CV-326 (VAB), 2018 WL 2465356, at *3 (D. Conn. Jun. 1, 2018). To state a claim against UCONN for discrimination or breach of contract, Plaintiff must allege "which federal or state statutes were violated," "any facts showing discrimination [had] occurred," and any "facts about his relationship with UCONN that led to signing an agreement, the underlying terms, or how signing the agreement violated his . . . rights." ECF No. 15. The Court concluded that the Complaint failed to make any such allegations. *Id*.

In response to the Recommended Ruling, Plaintiff simultaneously filed an objection and an amended complaint, each containing additional factual allegations (collectively, the "Amended Complaint"). ECF Nos. 16, 17. Because Plaintiff is proceeding *pro se*, the Court reviews these additional allegations as a single amendment and construes them "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d at 156 (citing *Bertin v. U.S.*, 478 F.3d at 49).

The Amended Complaint alleges that Plaintiff and UCONN entered into a Confidentiality and Non-Disclosure Agreement (the "NDA") in 2020. ECF No. 17, at 2-3. The NDA requires UCONN to correspond with Plaintiff about "confidential information" relating to UCONN's graduate admissions practices, which Plaintiff alleges are racially discriminatory. *Id*. In return, the NDA requires Plaintiff to be "silen[t]" about UCONN's "discriminatory practices," specifically

4

by withdrawing a complaint before the Connecticut Freedom of Information Commission.[1]  *Id*. at 5.  Although Plaintiff has "sent UCONN numerous emails in order to discuss" the confidential information, "UCONN [has] deliberately ignored Plaintiff's emails."  *Id*. at 2-3.  In doing so, Plaintiff alleges that UCONN breached the terms of the NDA, defamed him, and caused him emotional distress.  *Id*. at 3-4.  Additionally, Plaintiff restates the Section 1983 claim but clarifies that he brings it against the State of Connecticut, rather than UCONN.  ECF No. 16, ¶4.

### III.    Discussion

Plaintiff's clarification that he brings the Section 1983 claim against Connecticut, rather than UCONN, does not satisfy the Court's concerns.  ECF No. 15.  Neither a state, nor any agencies that qualify as "an arm of the state," is a "person subject to suit under [Section] 1983."  *Thurmand v. Univ. of Connecticut*, No. 3:18-CV-1140 (JCH), 2019 WL 1763202, at *4 (D. Conn. Apr. 22, 2019); *see also Gaby v. Bd. of Trs. of Cmty. Tech. Coll.*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (state universities are not persons within the meaning of Section 1983); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of [Section] 1983").  All of the allegations in the Amended Complaint relate to Connecticut or UCONN.  ECF Nos. 16, 17.  No other possible defendant is identified or implied.  *Id*.  The Court alerted Plaintiff to this deficiency in the Complaint and afforded him an opportunity to cure it, but he failed to do so.  ECF No. 15.  The Court therefore concludes that Plaintiff cannot state a cognizable Section 1983 claim in connection with this case and recommends that the claim be **DISMISSED** with prejudice.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissing claims with prejudice when "the problem . . . is substantive [and] better pleading will not cure it").

---

[1] Plaintiff does not represent that he withdrew the complaint, however, and State records indicate that it was instead dismissed by the Connecticut Freedom of Information Commission.  *See, e.g., Gassesse v. UConn*, No. HHD-CV17-5045184-S (Conn. Super. Ct. Feb. 20, 2024)

Because the Court recommends dismissal of the Section 1983 claim, it "plainly lacks jurisdiction to consider" the remaining state and common law claims for defamation, emotional distress, and breach of contract. *Fuentes v. Conway*, 2009 WL 1043905, at *2. The Court cannot exercise federal subject matter jurisdiction over these claims, as they arise under the laws of Connecticut. *See Collins v. Sovereign Bank*, 482 F.Supp.2d 235, 241 (D. Conn. 2007) (citing 28 U.S.C. § 1331). It cannot exercise diversity jurisdiction over these claims, as Plaintiff appears to be a citizen of Connecticut. *Id*. (citing 28 U.S.C. § 1332). And it declines to exercise supplemental jurisdiction over them because it recommends dismissing the Section 1983 claim. *Id*. (citing 28 U.S.C. § 1367). Although the Court may hear a state law claim over which it lacks diversity and supplemental jurisdiction when it "necessarily turn[s] on some construction of federal law," none of Plaintiff's state law claims do. *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 115 (2d Cir. 2004) (affirming exercising jurisdiction over a state law claim because its "cause of action requires that a court construe federal First Amendment law and evaluate its scope" (internal citations omitted). The Court therefore concludes that Plaintiff's defamation, emotional distress, and breach of contract claims are not properly before this Court and recommends that they be **DISMISSED** without prejudice but without leave to amend.[2]

---

[2] "Because the Court lacks subject matter jurisdiction" over these claims, "it cannot dismiss [them] with prejudice." *Mendez v. Albany Cnty. Dep't of Soc. Servs.*, No. 1:19-CV-468 (LEK/CFH), 2019 WL 5485178, at *2 (N.D.N.Y. Oct. 25, 2019) (citing *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)). Accordingly, the Court dismisses these claims without prejudice so that Plaintiff may refile them, if he wishes, "in a court that does have subject matter jurisdiction, such as [a] state court." *Hernandez v. Conriv Realty Assoc.*, 182 F.3d at 123). At the same time, the Court denies Plaintiff leave to amend his pleadings with regard to these claims, as their "jurisdictional defects [can]not be cured by an amendment." *Mendez v. Albany Cnty. Dep't of Soc. Servs.,* 2019 WL 5485178, at *2 (dismissing without prejudice for lack of jurisdiction but denying leave to amend); *see also Hamza v. Midas, Inc.*, No. 1:23-CV-0543 (MAD/CFH), 2023 WL 5932942, at *5 (N.D.N.Y. Sept. 11, 2023) (same).

## IV. Conclusion

For all the foregoing reasons, the Court recommends that the Section 1983 claim be dismissed with prejudice and that the state and common law claims be dismissed without prejudice but without leave to amend.[3]

This is a recommended ruling by a U.S. Magistrate Judge, to which Plaintiff may object under Rule 72 of the Federal Rules of Civil Procedure and Rule 72 of the Local Rules of Civil Procedure for the District of Connecticut. Plaintiff must file any such objection within nineteen days of this recommendation, by **December 26, 2024**. *See* Fed. R. Civ. P. 72(b)(2) (establishing that objections to recommended rulings must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for parties who, like Plaintiff, will receive notice of the recommended ruling by mail); Fed. R. Civ. P. 6(a)(1) (if a court-ordered time period ends on a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday") . If Plaintiff fails to file a timely objection, he may not later assign as error a defect in the Magistrate Judge's recommendation, *see* D. Conn. L. Civ. R. 72.2(a), or seek appellate review, *see Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*/s/ Maria Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge

---

[3] Based on the allegations, Plaintiff's claims are also barred by the Eleventh Amendment to the U.S. Constitution, which excludes from the Court's subject matter jurisdiction "suits . . . by private parties against a state, absent [such state's] consent to suit or an express statutory waiver of immunity." *Idlibi v. Burgdorff*, Nos. 23-838, 23-7384, 2024 WL 3199522 (2d Cir. Jun. 27, 2024) *cert*. *denied*, No. 24-261, 2024 WL 3199522, at *2 (Nov. 12, 2024); s*ee also Thurmand v. Univ. of Connecticut*, 2019 WL 1763202, at *4 ("because UCONN is a state instrumentality, it is entitled to the same Eleventh Amendment immunity . . . as the state itself").