UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOUBOUKPO GASSESSE,
    *Plaintiff*,

v.

UNIVERSITY OF CONNECTICUT,
    *Defendant*.

No. 3:23-cv-00661 (VAB)

**RULING AND ORDER ADOPTING RECOMMENDED RULING**

Nouboukpo Gassesse ("Plaintiff") filed an Amended Complaint against the University of Connecticut ("UConn" or "Defendant"), alleging a violation of his First Amendment rights, breach of contract, and infliction of emotional distress. *See* Am. Compl., ECF No. 17 (June 6, 2025) ("Am. Compl.").

U.S. Magistrate Judge Maria Garcia issued a Recommended Ruling recommending dismissal of Plaintiff's Complaint. Recommended Ruling, ECF No. 22 (Dec. 6, 2024) ("Recommended Ruling").

Mr. Gassesse filed an objection to the recommended ruling. Objection, ECF No. 23 (Dec. 16, 2024) ("Obj.").

For the reasons below, Judge Garcia's Report and Recommendation is **ADOPTED.**

The Amended Complaint is **DISMISSED** without prejudice and leave to amend is **DENIED**.

**I.   BACKGROUND**

    **A.   Factual Allegations**

1

Mr. Gassesse alleges that he filed a Connecticut Freedom of Information Act complaint ("FOIA Complaint") against the University of Connecticut. Am. Compl. at 1. Following the filing of the FOIA Complaint, Mr. Gassesse and the University of Connecticut allegedly came to an agreement wherein the UConn would send some of the requested information to Mr. Gassesse. *Id.*

The University of Connecticut allegedly "departed from its obligation" to send this information. *Id.* at 2.

Mr. Gassesse alleges that UConn's "aim was to silence the Plaintiff" and prevent him from discussing or talking about the requested records. *Id.* at 3.

B. Procedural History

On May 22, 2023, Mr. Gassesse filed a Complaint against the University of Connecticut and a motion for leave to proceed *in forma pauperis*. Compl., ECF No. 1 (May 22, 2023); Motion for Leave to Proceed *in forma pauperis*, ECF No. 2 (May 22, 2023).

On August 9, 2023, Judge Garcia issued a Recommended Ruling recommending denial of Mr. Gassesse's *in forma pauperis* application. Recommended Ruling, ECF No. 8 (Aug. 9, 2023).

On August 8, 2023, Mr. Gassesse filed an objection to the Recommended Ruling. Objection, ECF No. 9 (Aug. 8, 2023).

On September 26, 2023, Mr. Gassesse filed a supplement to the objection to the Recommended Ruling, providing additional details on his finances. Supplement, ECF No. 11 (Sept. 26, 2023).

On May 23, 2024, Judge Garcia vacated her initial Recommended Ruling based on the supplemental information and issued a new Recommended Ruling granting leave to proceed *in*

*forma pauperis* and recommending dismissal of the Complaint with leave to amend. Recommended Ruling, ECF No. 15 (May 23, 2024).

On June 6, 2024, Mr. Gassesse filed an Amended Complaint. Am. Compl.

On September 3, 2024, the Court adopted Judge Garcia's ruling, dismissed the Complaint with leave to amend, and referred the already filed Amended Complaint to Judge Garcia for review. Order, ECF No. 19 (Sept. 3, 2024).

On December 6, 2024, Judge Garcia issued a Recommended Ruling recommending dismissal of the Amended Complaint without prejudice and without leave to amend.

## II. STANDARD OF REVIEW

If a party objects to a recommended ruling by a magistrate judge, the Court must "determine de novo any part of the magistrate's disposition that has been properly objected to." Fed. R. Civ. Pro. 72(b)(3); *see also* D. Conn. Local Rule 72.2(b) ("In the event of such objection . . . the Judge ultimately responsible shall make a de novo determination of those portions of the proposed decision to which objection is made, and may accept, reject, or modify the recommended ruling in whole or in part."). Where a party fails to object after receiving clear notice of the consequences of not objecting, the Court may adopt the recommended ruling without *de novo* review unless clear error appears on the face of the record. *See Colvin v. Berryhill*, 734 2 F. App'x 756, 758 (2d Cir. 2018) ("Where, as here, a party receives clear notice of the consequences of not objecting to a Report and Recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error . . . .").

Filings by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

3

(quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

Judge Garcia recommended dismissing Mr. Gassesse's Amended Complaint for lack of subject matter jurisdiction, because any claim against Connecticut or UConn, as an arm of the state, is barred by sovereign immunity.

Mr. Gassesse argues that UConn is not immune from suit, that he is suing under 28 U.S.C. § 1331 and not 42 U.S.C. § 1983, and that a footnote in the recommended ruling misstates his factual allegations.

The Court considers each of these objections in turn.

### A. The Sovereign Immunity Objection

Under the Eleventh Amendment, "a federal court c[an] not entertain a suit brought by a citizen against his own state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). "This jurisdictional bar also immunizes a state entity that is an arm of the state, including, in appropriate circumstances, a state official acting in his or her official capacity." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Mr. Gassesse argues that although UConn is an arm of the state, sovereign immunity does not bar his claim because he is seeking, in part, declaratory or injunctive relief. Obj. at 2. Mr. Gassesse also states that his actions are "against the State of Connecticut." *Id.* at 3.

In some cases, "a plaintiff may sue a state official acting in his official capacity— notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)). This exception to sovereign immunity is limited, however, and "has no

4

application in suits against the States and their agencies." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)*; see also Mallison v. Conn. Office of Early Childhood*, 657 F. Supp. 3d 221, 233 (D. Conn. 2023) ("First, Plaintiff seeks this injunction directly against the OEC and not against any individual defendant. This alone defeats his argument that *Ex parte Young* allows the relief sought.").

Instead, suits in federal court against states and state agencies "are barred regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Authority*, 506 U.S. at 146; *see also Mamot v. Board of Regents*, 367 Fed. App'x 191, 192–93 (2d Cir. 2010) ("The Eleventh Amendment bars such a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. For state agencies, however, sovereign immunity bars all suits seeking relief in federal court, including those for monetary, declaratory, and injunctive relief.  It is well-established that . . . § 1983 was not intended to override a state's sovereign immunity[.]" (internal citations omitted)).

All claims against the state of Connecticut and University of Connecticut are thus barred by sovereign immunity in federal court, regardless of whether they are for injunctive, monetary, or declarative relief. *See, e.g.*, *Wade v. Univ. of Conn. Boart of Trustees*, 554 F. Supp. 3d 366, 374 (D. Conn. 2021) ("The Eleventh Amendment forecloses the plaintiffs' claims against the UConn Board of Trustees because the Board is an instrumentality of the state government of Connecticut. . . . In light of this rule and in light of the plaintiffs' concession on this point at oral argument, I will dismiss the UConn Board of Trustees as a defendant in this action."); *Oliver v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 398, 405–06 (D. Conn. 2003) ("The courts have consistently held that Connecticut state universities and their boards of trustees are entitled to claim immunity under the Eleventh Amendment.").

Accordingly, the objection arguing that Connecticut and the University of Connecticut do not have sovereign immunity will be denied.

B. The Cause of Action Objection

Section 1331 is a grant of jurisdiction to federal courts, allowing them to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States[.]'" (quoting 28 U.S.C. § 1331)). In order to invoke this jurisdiction, a plaintiff must plead a specific cause of action involving a federal question. *See AMTAX Holdings 227, LLC v. CohnReznik LLP*, 736 F. Supp. 3d 169, 179 (S.D.N.Y. 2024) ("Typically, plaintiffs invoke federal-question jurisdiction by pleading causes of action created by federal law.").

Mr. Gassesse states that he is suing under 28 U.S.C. § 1331, not 42 U.S.C. § 1983, making the Recommended Ruling "erroneous" because it construes his claims as actions under 42 U.S.C. § 1983.

But Section 1331 does not itself provide a cause of action, and a cause of action does not spontaneously exist where a plaintiff, like Mr. Gassesse, alleges violations of federal law and the federal Constitution. *See Ziglar v. Abassi*, 582 U.S. 120, 134 (2017) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate. . . . [T]he Court's expressed caution as to implied causes of actions under congressional statutes led to similar caution . . . where the action is implied to enforce the Constitution itself."); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress[.]").

Section 1983, on the other hand, is a cause of action, and provides for monetary relief from state officials acting "under color of" state law who violate federal laws or the Constitution. 42 U.S.C. § 1983. Given Mr. Gassesse's *pro se* status, it was appropriate to read his Amended Complaint "to raise the strongest arguments [it] suggest[s]," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), including considering his constitutional violation claims for monetary damages to be Section 1983 claims. *See, e.g.*, *Cinotti v. Adelman*, 709 F. App'x 39, 40 (2d Cir. 2017) ("[A]lthough her pro se complaint does not refer to 42 U.S.C. § 1983, the district court should have construed it liberally as asserting § 1983 claims, which provide a basis for federal question jurisdiction.").

Accordingly, any objection that the Recommended Ruling incorrectly considered Mr. Gassesse's claims as Section 1983 claims will be denied.

### C. The Factual Allegation Objection

Finally, Mr. Gassesse argues that footnote one on page five of the Recommended Ruling misstates his factual allegations. Obj. at 3.

Footnote one states: "Plaintiff does not represent that he withdrew the complaint, however, and State records indicate that it was instead dismissed by the Connecticut Freedom of Information Commission. *See, e.g., Gassesse v. UConn*, No. HHD-CV17-5045184-S (Conn. Super. Ct. Feb. 20, 2024)." Recommended Ruling at 5 n.1.

Mr. Gassesse argues that, contrary to this footnote, he withdrew his FOIA Complaint, as illustrated in the Amended Complaint through the inclusion of the request for withdrawal as an exhibit. Obj. at 3.

The withdrawal request attached the Amended Complaint, however, is unsigned by Mr. Gassesse and the opposing party, and Mr. Gassesse makes no clear representation that he

7

actually submitted the request and withdrew his FOIA Complaint in the Amended Complaint. *See* Am. Compl. at 12.

Moreover, assuming arguendo that Mr. Gassesse did, in fact, withdraw his complaint, this fact has no bearing on the Court's determination that all of Mr. Gassesse's claims are barred by sovereign immunity.

Accordingly, the objection to footnote one in the Recommended Ruling will be denied.

**D. Leave to Amend**

"A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (cleaned up). And, "*a pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Where there is no indication that a valid claim can be stated after a liberal reading of a *pro se* plaintiff's complaint, however, the Court need not grant leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). Leave to amend can be "futile" where the problems with a plaintiff's "causes of actions [are] substantive" and "better pleading will not cure" them. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, further amendment is futile as Mr. Gassesse's claims are barred by sovereign immunity. *See, e.g.*, *Kraus v. United States*, 130 A.F.T.R. 2022-5258, at 8 (D. Conn. 2022) (denying leave to amend as futile where "sovereign immunity bars" plaintiff's claims).

Additionally, since the Court has reviewed the Complaint and Amended Complaint, and neither have stated a viable claim for relief, the Court sees no reason to provide another opportunity to amend. *See, e.g.*, *Bellikoff v. Eaton Vance Corp.*, 481 F. 3d 110, 118 (2d Cir. 2007) ("Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycled versions of claims which had already fallen victim to a motion to dismiss."); *Nicholson v. Bank of New York*, 22-cv-3177 (PGG) (KHP), 2023 WL 5526715, at *9 (S.D.N.Y. Aug. 28, 2023) ("A court may properly deny leave to amend, however, in cases of . . . repeated failure to cure deficiencies . . . ." (citation and internal quotation marks omitted)); *Dash v. Mayers*, 19-cv-414 (GBD)(JLC), 2020 WL 1946303, at *9 (Apr. 23, 2020), *report and recommendation adopted*, 2020 WL 3056133 (S.D.N.Y. June 9, 2020) ("[B]ecause [Plaintiff] has now effectively had two opportunities to amend his complaint and any further attempt would be futile for the various reasons set forth in this Report, he should not be granted leave to further amend his pleadings." (citations omitted)).

Accordingly, the Court denies leave to amend, and will dismiss this case.

## IV. CONCLUSION

For the reasons below, Judge Garcia's Report and Recommendation is **ADOPTED.**

The Amended Complaint is **DISMISSED** without prejudice and leave to amend is **DENIED**.

The Court of Clerk is respectfully directed to close this case

**SO ORDERED** at New Haven, Connecticut, this 9th day of May, 2025.

                                                                    /s/ Victor A. Bolden
                                                                     Victor A. Bolden
                                                                     United States District Judge